IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.,　　　　　　Civil Action No. 08 CV 2859

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

FRANKS POOL ROOM,
and FRANCISCO HERNANDEZ
　　　Defendants,

**SERVE ON:**

**FRANK'S POOL ROOM**
**185 E. 167TH STREET**
**BRONX, NY 10456**

**FRANCISCO HERNANDEZ**
**185 E. 167TH STREET**
**BRONX, NY 10456**

　　　Plaintiff, J & J Sports Productions, Inc., by and through its undersigned counsel, Paul J. Hooten & Associates, complains of the defendants, Frank's Pool Room and Francisco Hernandez, and alleges as follows:

### Jurisdiction

　　　1.　　　This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§ 605 and 553.

　　　2.　　　Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

　　　3.　　　Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

4. At all times hereinafter mentioned, plaintiff, J & J Sports Productions, Inc., was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

5. Upon information and belief, the defendant, Frank's Pool Room is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "Frank's Pool Room" from its principal place of business located at 185 E. 167th Street, Bronx, New York 10456.

6. Upon information and belief, at all times hereinafter mentioned, defendant Francisco Hernandez, is the owner of Frank's Pool Room.

7. Defendants Frank's Pool Room and Francisco Hernandez, are hereinafter collectively referred to as "Defendants."

### Preliminary Background

8. Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the March 19, 2005 boxing match between Erik Morales and Manny Pacquiao, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement"). Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

8. Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by J & J Sports Productions, Inc.

10. Pursuant to the License Agreement, J & J Sports Productions,Inc., marketed and distributed the closed-circuit rights granted to it. J & J Sports Productions, Inc., contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the Defendants to purchase for broadcast in "Frank's Pool Room." Had they done so, they would have been authorized to receive, transmit and publish the Event in "Frank's Pool Room" Defendants did not, however, contract with J & J Sports Productions, Inc., to obtain the rights to broadcast the Event.

13. The establishments which contracted with J & J Sports Productions Inc., to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

14. On March 19, 2005, in violation of J & J Sports Productions, Inc., rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to

3

patrons within "Frank's Pool Room"

15. The Defendants misappropriated J & J Sports Productions Inc., licensed exhibition of the Event and infringed upon J & J Sports Productions, exclusive rights while avoiding proper payment to J & J Sports Productions, Inc., Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

16. The Defendants enabled the patrons within "Frank's Pool Room" to view the Event to which neither the Defendants nor the patrons were entitled.

17. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by J & J Sports Productions Inc.

18. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

19. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to J & J Sports Productions Inc.,.

## COUNT I

## VIOLATION OF 47 U.S.C. §605

20. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 19 of the Complaint.

21. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person

not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

22. The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

23. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

24. By virtue of the License Agreement, J & J Sports Productions Inc., maintained proprietary rights in the intercepted communication of the Event. Therefore, J & J Sports Productions Inc., is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with J & J Sports Productions Inc.,. proprietary rights.

25. Because of its contractual rights and obligations with regard to distribution of the Event, J & J Sports Productions Inc., had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, J & J Sports Productions, Inc., has lost the revenue which would have been derived from the delivery and exhibition of the Event to "Frank's Pool Room" and its patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort

in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event.  Further, J & J Sports Productions, Inc., has also suffered an unquantifiable loss of future business in those persons who will not patronize J & J Sports Productions, Inc., subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as "Frank's Pool Room"

26. Because of Defendants' wrongful actions, J & J Sports Productions Inc., is entitled to collect from the Defendants (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

## COUNT II

## VIOLATION OF 47 U.S.C. §553

27. The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 26 above as if the same were fully set forth herein.

28. Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

29. Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

30. Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-

circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to J & J Sports Productions, Inc., and known only to Defendants.

31. Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

32. J & J Sports Productions Inc. is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendants pursuant to §553.

33. Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure J & J Sports Productions, Inc.'s ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that J & J Sports Productions Inc. has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

34. Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit J & J Sports Productions, Inc., programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited J & J Sports Productions, Inc.'s telecast of the Event without authorization, on at least one occasion, and J & J Sports Productions, Inc. cannot practically detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other J & J Sports Productions, Inc., programming.

35. All conditions precedent to J & J Sports Productions, Inc's, right to bring this action have been performed or have otherwise occurred.

WHEREFORE, the Plaintiff, J & J Sports Productions, Inc., prays this Court grant judgment against Defendants Frank's Pool Room and Francisco Hernandez jointly and severally, as follows:

A. Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B. For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §605(e)(3)(C)(i)(II);

C. For statutory damages of One Hundred Thousand Dollars ($100,000.00) pursuant to §605(e)(3)(C)(ii);

D. For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

E. For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §553(3)(A)(ii);

F. For statutory damages of Fifty Thousand Dollars ($50,000.00) pursuant to §553(3)(B); and

G. For such other and further relief as the Court deems just and proper.

BY: /s/ Paul J. Hooten
Paul J. Hooten & Associates
Attorney for Plaintiff
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766
(631)331-0547